By the Court, Bronson, J.
It seems from this declaration that the state of Indiana exchanged its credit, to the amount of sixty thousand dollars, for the credit of the Staten Island Whaling Company, backed up by the undertaking of the defendants. The company having made default, the defendants are unwilling to pay, and the question is upon their liability.
There are seven sets of counts, each set containing four counts, so that the pleader has set out each of the four contracts *36 on which the plaintiffs sue in seven different forms. I shall only examine this long declaration so far as exceptions were taken to it on the argument.
The first objection to the declaration, and it is one which goes to all the counts, is, that one of the states of this union cannot sue in our courts. That objection is answered by the case of Delafield v. The State of Illinois, (2 Hill, 159.)
The second, fifth and seventh sets of counts are on joint, and several undertakings by the defendants and the Whaling Company, and the objection is, that all the contracting parties must be sued jointly, or each separately. But the answer is, that the defendants have not pleaded the non-joinder of the company in abatement. (1 Saund. 291, note (4); 1 Chit. Pl. 29, 30.) It does not appear from the declaration that the Staten Island Whaling Company is still an existing corporation, and it would not be a very violent presumption to suppose that it has before this time ceased to be. After the officers of the company had got. hold of the state bonds, it is not very improbable that the pi oject of catching whales and making spermaceti candles was abandoned, and the charter may have been surrendered, or annulled by legal proceedings. But without resorting to any presumption on the subject, it is enough that it does not affirmatively appear that there is another contracting party in existence who ought to have been joined with these seven defendants.(a)
The first set of counts are upon collateral undertakings by the defendants to pay the debts of the company, and it is not alleged, as it is in the third set of counts, that the consideration for the promises was in -writing. It has been long settled that the declaration need not allege that the agreement—and the consideration is part of it—was in writing: it is matter of evidence. The counsel supposes that the revised statutes (2 R. S. 135, § 2) have altered this rule of pleading; but we think not. The present statute of frauds has only declared what was held to be the rule, under the former statute, viz. that the consideration as *37 well as the promise must he in writing. The law is precisely the same now as it was before, and there is no reason for changing the rule of pleading.
The second and third sets of counts state the consideration for the undertakings to be the sale and delivery by the plaintiffs of their bonds for the payment of money with interest. It is said that these bonds were bills of credit, which the state is forbidden to emit by the federal constitution; and we are referred to Craig v. The State of Missouri, (4 Peters, 410, 430,) Federalist, No. 44, 193, 3 Story on the Const. 220, Delafield v. State of Illinois, (26 Wend. 217,) and Briscoe v. Bank of Kentucky, (11 Peters, 257, 312.) These books prove that all attempts to give, a full, accurate and satisfactory definition of bills of credit, within the meaning of the constitution, have thus far failed. But nearly all are agreed that the paper prohibited can only be such as is designed to circulate as money, or answer the ordinary purposes of coin; and it is enough for the present case to say, that the bonds issued by the plaintiffs do not appear to have been intended for, or that they were adapted to that use.
Another objection to the second and third sets of counts is, that the Staten Island Whaling Company has no power by its charter to purchase or deal in state bonds. It was incorporated “ for the purpose of engaging in the whale fishery, and in the manufacture of oil and spermaceti candlesand has only such general powers as are incident to all corporations. (Stat. of 1838, p. 76, § 1, 10, 11; 17?. S. 599, § 1—3.) I agree with the counsel for the defendants that this company had no authority to purchase or deal in these bonds. But since the decision in Moss v. The Rossie Lead Mining Company, (5 Hill, 137,) I do not see that a corporation can ever avoid its obligation on the ground that it was given for property which the corporation was not authorized to purchase. And if the company was bound, I see no reason why the defendants should not also be bound by the contract.
The last four sets of counts are upon promissory notes made payable to the plaintiffs^ and it is said that a state is not a “ per *38 son” within the statute of Anne, and cannot, therefore, be a party to a promissory note. Our statute is, that “ all notes in writing made and signed by any person, whereby he shall promise to pay to any other person, or his order” &c., shall be negotiable &c.; and that “ the word ‘person’ in the two last preceding sections shall be construed to extend to every corporation capable by law of making contracts.” (1 R. S. 768, § 1—3.) It did not require the aid of the legislature to prove that the word person in a statute may extend to a corporation as well as to a natural person. (The People v. Utica Ins. Company15 John. 358.) That a state is a corporation cannot be doubted. It is a legal being, capable of transacting some kinds of business like a natural person, and such a being is a corporation. (The People v. Assessors of Watertown, 1 Hill, 620.) I see no reason for doubt that a state may be the payee of a promissory note.
No other objections have been taken to the declaration, and the plaintiffs are entitled to judgment on all the counts.
Judgment for the plaintiffs.

 See Burgess v. Abbott, (1 Hill, 476.)